IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                                           )
            Plaintiff, )         **CIVIL ACTION NO.**
                                                           )
            v. )         **JURY TRIAL DEMAND**
SWISSOTEL CHICAGO, INC., )    `FILED: SEP 09 2008`
           Defendant. )
                                                         )    `08CV5131`
                                                           )    `JUDGE DOW`
                                                   )    `MAGISTRATE JUDGE NOLAN`

`AEE`

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Harvis Baggett ("Baggett"), a qualified individual with a disability, who was adversely affected by such practices.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Northern District of Illinois.

1

## PARTIES AND OTHER PERSONS

3.      Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Swissotel Chicago, Inc. ("Defendant" or "Swissotel") has continuously been and is now a corporation doing business in the Northern District of Illinois, and has continuously had and does now have at least fifteen (15) employees.

5.      At all relevant times, Swissotel has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Swissotel has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

7.      At all relevant times, Baggett was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8).

## STATEMENT OF CLAIMS

8.      More than thirty (30) days prior to the institution of this lawsuit, Baggett filed a charge of discrimination with the Commission alleging a violation of Title I of the ADA by Swissotel.  All conditions precedent to the institution of this lawsuit have been fulfilled.

9.      Since at least April 2003, Swissotel has engaged in unlawful employment practices at its hotel in Chicago, Illinois, in violation of Title I of the ADA, 42 U.S.C. §12112(a)

and (b). These practices include, but are not limited to:

        (a)    harassing Baggett because of his disability, Educably Mentally Handicapped; and

        (b)    discharging Baggett because of his disability.

10.    The effect of the practices complained of above has been to deprive Baggett of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability, in violation of Title I of the ADA, 42 U.S.C. § 12112.

11.    The unlawful employment practices complained of above in Paragraph 9 were intentional.

12.    The unlawful employment practices complained of above in Paragraph 9 were done with malice and/or reckless indifference to the federally protected rights of Baggett.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully prays that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA;

B.    Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

C.    Order Defendant to make Baggett whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.    Order Defendant to make Baggett whole by providing compensation for past and future pecuniary losses;

E.     Order Defendant to make Baggett whole by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation;

F.     Order Defendant to pay Baggett punitive damages for its intentional, malicious and/or reckless conduct, in an amount to be determined at trial;

G.     Grant such further relief as the Court deems necessary and proper; and

H.     Grant the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507

_____
John C. Hendrickson
Regional Attorney

_____
Diane I. Smason
Supervisory Trial Attorney


_____
Aaron R. DeCamp
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2800
Chicago, Illinois  60661
312-353-7582