**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,    ) | |
|    ) | Case No. 08CV5131 |
| Plaintiff,    ) | |
|    ) | Judge Dow |
| vs.    ) | |
|    ) | Magistrate Judge Nolan |
|    ) | |
| SWISSOTEL CHICAGO, INC.    ) | |
|    ) | |
| Defendant.    ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Swissôtel Employment Services L.L.C., incorrectly named as Swissôtel Chicago, Inc. ("Swissôtel") answers the Complaint of Plaintiff Equal Employment Opportunity Commission ("EEOC") as follows:

**PARAGRAPH NO. 1:**

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Harvis Baggett ("Baggett"), a qualified individual with a disability, who was adversely affected by such practices.

**ANSWER:**

Swissôtel denies that it has unlawfully discriminated against Harvis Baggett ("Baggett") in violation of the ADA or otherwise. Swissôtel does not contest the Court's jurisdiction over this action. Swissôtel denies the remaining allegations of paragraph 1.

**PARAGRAPH NO. 2:**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil

Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**ANSWER:**

Swissôtel denies that it has unlawfully discriminated against Baggett in violation of the ADA or otherwise. Swissôtel does not contest the Court's jurisdiction over this action.

**PARAGRAPH NO. 3:**

The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Northern District of Illinois.

**ANSWER:**

Swissôtel denies that it has unlawfully discriminated against Baggett in violation of the ADA or otherwise. Swissôtel does not contest venue in this Court.

**PARAGRAPH NO. 4:**

Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

**ANSWER:**

Swissôtel denies that it has unlawfully discriminated against Baggett in violation of the ADA or otherwise, but does not contest the EEOC's prerogative to bring this action.

**PARAGRAPH NO. 5:**

At all relevant times, Defendant Swissotel Chicago, Inc. ("Defendant" or "Swissotel") has continuously been and is now a corporation doing business in the Northern District of Illinois, and has continuously had and does now have at least fifteen (15) employees.

**ANSWER:**

The phrase "[a]t all relevant times" is vague and ambiguous; therefore, Swissôtel denies the same. Swissôtel admits that it is a covered entity under the ADA. Swissôtel denies that it has unlawfully discriminated against Baggett in violation of the ADA or otherwise.

**PARAGRAPH NO. 6:**

At all relevant times, Swissotel has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

**ANSWER:**

The phrase "[a]t all relevant times" is vague and ambiguous; therefore, Swissôtel denies the same. Swissôtel admits that it is an employer in an industry affecting commerce as alleged.

**PARAGRAPH NO. 7:**

At all relevant times, Swissotel has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

**ANSWER:**

The phrase "[a]t all relevant times" is vague and ambiguous; therefore, Swissôtel denies the same. Swissôtel admits that it is a covered entity under the ADA. Swissôtel denies that it has unlawfully discriminated against Baggett in violation of the ADA or otherwise.

**PARAGRAPH NO. 8:**

At all relevant times, Baggett was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8).

**ANSWER:**

The phrase "[a]t all relevant times" is vague and ambiguous; therefore, Swissôtel denies the same. Swissôtel denies the remaining allegations of paragraph 8.

**PARAGRAPH NO. 9:**

More than thirty (30) days prior to the institution of this lawsuit, Baggett filed a charge of discrimination with the Commission alleging a violation of Title I of the ADA by Swissotel. All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:**

Swissôtel admits on information and belief that more than 30 days prior to the institution

of this lawsuit, Baggett filed a charge of discrimination with the EEOC. Swissôtel denies the

remaining allegations of paragraph 9.

**PARAGRAPH NO. 10:**

Since at least April 2003, Swissotel has engaged in unlawful employment practices at its hotel in Chicago, Illinois, in violation of Title I of the ADA, 42 U.S.C. §12112(a) and (b). These practices include, but are not limited to:

(a)     harassing Baggett because of his disability, Educably Mentally Handicapped; and

(b)     discharging Baggett because of his disability.

**ANSWER:**

Swissôtel denies the allegations of paragraph 10.

**PARAGRAPH NO. 11:**

The effect of the practices complained of above has been to deprive Baggett of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability, in violation of Title I of the ADA, 42 U.S.C. § 12112.

**ANSWER:**

Swissôtel denies the allegations of paragraph 11.

**PARAGRAPH NO. 12:**

The unlawful employment practices complained of above in Paragraph 9 were intentional.

**ANSWER:**

Swissôtel denies the allegations of paragraph 12.

**PARAGRAPH NO. 13:**

The unlawful employment practices complained of above in Paragraph 9 were done with malice and/or reckless indifference to the federally protected rights of Baggett.

**ANSWER:**

Swissôtel denies the allegations of paragraph 13.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the EEOC's complaint, Swissôtel alleges:

1.    The EEOC's claims of discrimination which occurred more than 300 days before Baggett filed his charge of discrimination with the EEOC are time-barred.

2.    The EEOC's claims of discrimination that are not included in the charge of discrimination filed by Baggett are barred by failure to exhaust administrative remedies.

3.    The EEOC's claims for disability harassment and a hostile workplace toward Baggett based on his disability are barred and/or any recovery of damages is precluded because (i) Swissôtel exercised reasonable care to prevent and correct promptly any alleged harassing behavior and (ii) Baggett failed to take advantage of Swissôtel's preventive or corrective opportunities or to avoid harm otherwise.

4.    The EEOC's claims for disability harassment and a hostile workplace toward Baggett based on his disability and/or any recovery of damages are barred because: (i) Baggett unreasonably delayed in asserting such claims; and (ii) his delay has prejudiced Swissôtel.

5.    Swissôtel engaged in good faith efforts to comply with the ADA, and therefore cannot be held liable for punitive damages.

6.      The EEOC's action is barred by the doctrine of laches inasmuch as the EEOC unreasonably delayed in bringing this lawsuit, thereby prejudicing Swissôtel in its defense of this action.

7.      Assuming, *arguendo* that the EEOC is able to establish that Baggett's alleged disability played any part in his termination, Swissôtel would have terminated him even in the absence of any unlawful consideration.

8.      Any claims for damages in the form of backpay and benefits are barred by Baggett's failure to diligently seek other employment or to otherwise mitigate his damages.

WHEREFORE, the Complaint should be dismissed and Swissôtel awarded its costs and such other relief as the Court deems just and reasonable.

DATED:  November 10, 2008                    **Swissôtel Employment Services L.L.C.**


By: /s/ Paul Patten
                One of Their Attorneys

Robert E. Arroyo
Paul Patten
Eddie E. Clopton, Jr.
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, IL 60610
(312) 787-4949

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on November 10, 2008, he caused a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system, including:

John C. Hendrickson
Diane I. Smason
Aaron R. DeCamp
Equal Employment Opportunity Commission
Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, IL 60661

/s/ Paul Patten
Paul Patten