IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | Case No. 08CV5131 |
| Plaintiff, | ) ) | |
| | ) | Judge Dow |
| vs. | ) ) | |
| | ) | Magistrate Judge Nolan |
| | ) | |
| SWISSÔTEL EMPLOYMENT SERVICES, LLC. | ) ) ) | |
| | ) | |
| Defendant. | ) | |

### AGREED MOTION TO REVISE PRE-TRIAL SCHEDULE

Defendant Swissôtel Employment Services L.L.C., moves this Court to enter an order revising the current pre-trial deadlines so that fact discovery closes on July 31, 2009, dispositive motions are due September 30, 2009 and other deadlines are revised as set forth below.

**Current Pre-Trial Schedule**

1. On November 12, 2008, the Court set April 2, 2009 as the deadline for expert disclosures by the party bearing the burden of proof; April 22, 2009 as the deadline for taking the depositions of such primary experts; May 1, 2009 as the deadline for completion of fact discovery; May 15, 2009 as the deadline for rebuttal expert disclosure; June 5, 2009 as the deadline for taking the depositions of rebuttal experts and July 1, 2009 as the deadline for filing of dispositive motions.

**Litigation Developments**

2. As the parties informed the court during their appearance on February 19, 2009, the parties have exchanged written discovery, but Plaintiff Equal Employment Opportunity

Commission ("EEOC") has only recently begun the process of obtaining disability-related materials of Harvis Baggett ("Baggett") from the Social Security Administration and the Illinois Department of Human Services.

3. On February 23, 2009, the parties agreed to attempt to settle this matter before Magistrate Judge Nolan, and the Court entered an order referring the matter to Magistrate Judge Nolan for settlement. Based Magistrate Judge Nolan's schedule and availability of the parties, it does not appear that a settlement conference will appear until April 21 or April 23, 2009.

4. Swissôtel's desire to resolve this matter through settlement is based on its desire to avoid further costs of defense. Therefore, Swissôtel has requested, and the EEOC has agreed, to not engage in further discovery activities pending meeting with Magistrate Judge Nolan for settlement. However, the EEOC is concerned that the current fact-discovery cut-off of May 1, 2009 will not allow adequate time for discovery in the event that the agreed settlement conference does not result in a settlement of this lawsuit.

**Proposed Revised Schedule**

5. The parties have agreed that the following would be an appropriate revised discovery schedule: July 1, 2009 as the deadline for expert disclosures by the party bearing the burden of proof; July 17, 2009 as the deadline for taking the depositions of such primary experts; July 31, 2009 as the deadline for completion of fact discovery; August 14, 2009 as the deadline for rebuttal expert disclosure; August 31, 2009 as the deadline for taking the depositions of rebuttal experts and September 30, 2009 as the deadline for filing of dispositive motions.

6. This revised schedule in reasonable in light of the furtherance of attempts to settle this matter and the anticipated additional time required to obtain disability related information for Baggett from the respective state and local agencies.

WHEREFORE, Swissôtel requests that the Court enter a revised scheduling order setting July 31, 2009 as the close of discovery, September 30, 2009 for submission of dispositive motions and the other deadlines suggested above, and any other relief the Court determines to be appropriate.

DATED:  February 27, 2009                              **Swissôtel Employment Services L.L.C.**


                                               By:  /s/ Paul Patten
                                                      One of its Attorneys

Robert E. Arroyo
Paul Patten
Eddie Clopton
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, IL 60610
(312) 787-4949

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on February 27, 2009, he caused a true and correct copy of the foregoing Agreed Motion to Revise Pre-Trial Schedule to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system, including:

>John C. Hendrickson
>Diane I. Smason
>Aaron R. DeCamp
>Equal Employment Opportunity Commission
>Chicago District Office
>500 W. Madison Street, Suite 2000
>Chicago, IL 60661

/s/ Paul Patten
Paul Patten