

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) | |
| Plaintiff, | ) ) | Case No. 08 C 5131 |
| v. | ) ) ) | |
| **SWISSÔTEL EMPLOYMENT SERVICES L.L.C. AND SWISSÔTEL CHICAGO, INC.,** | ) ) ) | **Judge Dow** **Magistrate Judge Nolan** |
| Defendants. | ) ) ) | |

## CONSENT DECREE

## THE LITIGATION

1.      Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action alleging that Defendants Swissôtel Employment Services L.L.C. and Swissôtel Chicago, Inc.[1] (collectively "Defendants") violated Title I of the Americas with Disabilities Act ("ADA"), 42 U.S.C. § 12112, by subjecting Charging Party Harvis Baggett ("Baggett" or "Charging Party") to harassment because of his mental disability.  The Complaint further alleges that Defendants unlawfully terminated Baggett because of his disability in violation of the ADA. Defendants filed an Answer denying the material allegations of the EEOC's Complaint.

2.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree").  This Decree fully and finally

---

[1] Defendant Swissôtel Employment Services L.L.C. has represented to EEOC that the entity known as Swissôtel Chicago, Inc. has never been a part of Swissôtel Employment Services L.L.C. or Fairmont Raffles Holdings International and knowledge of Swissôtel Chicago, Inc.'s existence is limited to its listing by the Illinois Secretary of State as "Merged or Consolidated 12/31/94."  Based on this representation, for the remainder of this Decree, "Defendant" shall mean Swissôtel Employment Services L.L.C.

resolves any and all issues and claims arising out of the Complaint filed by EEOC.

## FINDINGS

3.    Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a.    This Court has jurisdiction of the subject matter of this action and of the parties.

b.    The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Defendant, Baggett and the public interest are adequately protected by this Decree.

c.    This Decree conforms with the Federal Rules of Civil Procedure, the ADA, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties and the public.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## INJUNCTION

4.    Defendant, its successors, assigns and all persons acting in concert with them are permanently enjoined from: (a) engaging in any employment practice that discriminates on the basis of disability (b) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing disabled employees; and (c) creating or negligently permitting the existence of a work environment that is hostile to disabled employees.

5.    Defendant, its successors, assigns and all persons acting in concert with them are permanently enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing

under the ADA, or asserted any rights under this Decree.

## **MONETARY RELIEF**

6.     Defendant shall pay monetary damages totaling $90,000 to Harvis Baggett. Of this amount, Defendant shall pay Harvis Baggett $30,000, less applicable deductions, representing lost wages and benefits for the years 2005 to the present related to the claims made in this lawsuit. Defendant shall issue Baggett a W-2 form for this amount. The remaining $60,000 is to be paid for compensatory damages sought by the EEOC for which an IRS Form 1099 will be issued to Baggett by Defendant.

7.     EEOC will mail a copy of the Release Agreement (attached hereto as Exhibit A) to Baggett. Baggett must execute and return the Release Agreement to EEOC. EEOC will send to Defendant the executed Release Agreement when it receives from Baggett.

8.     Within five (5) business days after receipt by Defendant of a signed Release Agreement, Defendant shall issue and send by certified mail to Harvis Baggett checks in the amounts set forth above in ¶ 6, to the address on the Release Agreement. Defendant will also send a copy of each check to EEOC.

## **POSTING OF NOTICE**

9.     Within five (5) business days following entry of this Decree, Defendant shall post a copy of the Notice (attached hereto as Exhibit B) to this Decree at its downtown Chicago, Illinois hotel. Defendant shall post this Notice on the bulletin board(s) usually used by Defendant for communicating with its employees. The Notice shall remain posted for two (2) years from the date of entry of this Decree. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Defendant shall certify to EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted.

3

Defendant shall permit a representative of EEOC to enter Defendant's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours (9:00 a.m. to 5:00 p.m.) without prior notice. Upon arrival at Defendant's premises, the EEOC's representative shall ask to speak to Michele Holley, Director of Human Resources. If Ms. Holley is not available, the EEOC representative shall ask to Stephanie Garza. If Ms. Garza is not available, the representative shall ask to speak to Swissôtel's Director of Security. The EEOC representative will display to Ms. Holley, Ms. Garza or the Director of Security identification demonstrating that the representative is an employee employed by the EEOC.

## RECORD KEEPING

10.     Defendant shall maintain and make available for inspection and copying by EEOC records (including names, social security numbers, addresses, and telephone numbers) of each employee or applicant who complains of disability discrimination. Defendant shall maintain such records whether or not any such report or complaint is made formally or informally. Such records shall include the name of the complainant, the date of the report or complaint, what was alleged, the name(s) of any witnesses, what actions, if any, Defendant took to resolve the complaint, and the resolution of the report or complaint.

11.     Defendant shall make all documents or records referred to in Paragraph 10 above available for inspection and copying within ten (10) business days after EEOC so requests. In addition, Defendant shall require personnel within its employ whom EEOC reasonably requests for purposes of verifying compliance with this Decree to cooperate with EEOC and to be interviewed.

## REPORTING

12.     Defendant shall furnish to EEOC the following written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months

after entry of the Decree. The final report shall be due twenty-three (23) months after entry of the Decree. Each such report shall contain:

(a)     A summary of the information recorded by Defendant pursuant to Paragraph 10; and

(b)     A certification by Defendant that the Notice required to be posted in Paragraph 9, above, remained posted during the entire six (6) month period preceding the report.

## TRAINING

13.     During each of the two (2) years covered by this Decree, all of Defendant's employees at its downtown Chicago, Illinois hotel shall participate in an annual training session by a trainer paid for by Defendant and approved by EEOC regarding disability discrimination, retaliation, and Defendant's policies regarding such discrimination and retaliation. All current managers and human resources employees who are in any way involved in the operation of Defendant's Chicago hotel shall also participate in such training, and any new human resources employee shall receive such training prior to starting work. The first training shall take place within one hundred twenty (120) days of entry of this Decree.

14.     Defendant shall obtain EEOC's approval of its proposed trainer prior to the training session. Defendant shall submit the name, address, telephone number, resume and training proposal of the proposed trainer, including all proposed training materials, to EEOC at least fifteen (15) business days prior to the proposed date(s) of the training. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event EEOC does not approve Defendant's designated trainer, Defendant shall have five (5) business days to identify an alternate trainer. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the

parties cannot through this process agree on a trainer, then they may seek the Court's assistance under ¶ 17.

15.     Defendant shall certify to EEOC in writing within five (5) business days after the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

16.     Defendant shall also provide EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## DISPUTE RESOLUTION

17.     In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

18.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under ¶ 17, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

19.     Each party to this Decree shall bear its own expenses, attorney's fees and costs.

20.     The terms of this Consent Decree shall be binding upon the present and future successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

21.     If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

22.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

23.     When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to EEOC, they shall be mailed to: Swissôtel ADA Settlement, Equal Employment Opportunity Commission, c/o Aaron DeCamp, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by EEOC of materials to Defendant, they shall be mailed to: Paul Patten, Jackson Lewis LLP, 320 W. Ohio Street, Suite 500, Chicago, IL 60654.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
John H. Hendrickson
ARDC # 1187589
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 353-8551
E-Mail: john.hendrickson@eeoc.gov


_____
Diane I. Smason
ARDC # 6626130
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 353-7526
E-Mail: diane.smason@eeoc.gov

_____
Aaron R. DeCamp
ARDC # 6282725
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 353-7582
E-Mail: aaron.decamp@eeoc.gov

8

For Defendant

_____

Timothy Herman, General Manager

ENTER:                              DATE:

_____        _____
                                  June 30, 2009

The Honorable Judge Robert M. Dow Jr.
United States District Judge

The Honorable Judge Nan R. Nolan
United States Magistrate Judge

9

# **EXHIBIT A**

## RELEASE AGREEMENT

In consideration for $90,000 paid to me by Swissôtel Employment Services, LLC, and Swissôtel Chicago, Inc., in connection with the resolution of *EEOC v. Swissôtel Employment Services, LLC and Swissôtel Chicago, Inc.*, No. 08 C 5131 (N.D. Ill.), I waive my right to recover for any claims of discrimination or discharge under Title I of the Americas with Disabilities Act ("ADA"), 42 U.S.C. § 12112, that I had against Swissôtel Employment Services, LLC, prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC v. Swissôtel Employment Services, LLC and Swissôtel Chicago, Inc.*, No. 08 C 5131 and my Discrimination Charge filed with the EEOC against Swissôtel-Chicago. I have read and understand this release and sign it knowingly and voluntarily.

_____  
Date

_____  
Harvis Baggett  
7733 S. South Shore Drive, #512  
Chicago, IL 60649

11

# **<u>EXHIBIT B</u>**

## NOTICE TO ALL SWISSÔTEL-CHICAGO EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Swissôtel Employment Services L.L.C. and Swissôtel Chicago, Inc., No. 08 C 5131, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Swissôtel Employment Services L.L.C.

In its suit, EEOC alleged that Swissôtel discriminated against a mentally disabled employee by subjecting him to a hostile work environment and terminating him in violation of the Americans with Disabilities Act.

To resolve the case, Swissôtel and EEOC have entered into a Consent Decree which provides, among other things, that:

1)      Monetary Relief paid to the Charging Party;

2)      Swissôtel is enjoined from discriminating against employees with disabilities;

3)      Swissôtel is enjoined from retaliating against any person because (s)he opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, participated in any ADA proceeding, or asserted any rights under the Consent Decree; and

4)      Swissôtel will provide mandatory training to all employees regarding disability discrimination, retaliation and Swissôtel's policies regarding such discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 353-2713. EEOC charges no fees and has a TTD number.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Swissôtel ADA Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661.**

June 30, 2009
_____
Date

_____
Judge Robert M. Dow, Jr.
United States District Court

13